**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN A. ALI,

        Appellant,

        v.

DEPARTMENT OF THE TREASURY,

        Agency.

DOCKET NUMBER
AT-0752-17-0129-I-1

DATE: April 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James E. Tramel, III</u>, Lilburn, Georgia, for the appellant.

<u>Andrew M. Greene</u>, Esquire, and <u>John F. Dymond</u>, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the administrative judge's exclusion of video evidence, we AFFIRM the initial decision.

¶2        The appellant's removal was based primarily on an altercation he allegedly caused at his place of work with a security guard. Initial Appeal File (IAF), Tab 4 at 16-19. The appellant alleges that the altercation began after he asked to speak with the security guard about the guard's purportedly pushing the appellant's fiancée a week earlier. Petition for Review (PFR) File, Tab 1 at 3. According to the administrative judge, the security guard testified at the hearing that he merely had tapped the appellant's fiancée on the shoulder. IAF, Tab 26, Initial Decision (ID) at 7 n.4.

¶3        On review, the appellant argues that the administrative judge erred by excluding from the record a video purportedly showing the security guard pushing the appellant's fiancée. PFR File, Tab 1 at 5. The administrative judge excluded the video as irrelevant. ID at 8 n.6. However, we find that the video was relevant because, if the appellant's assertion is true, it would call the security guard's credibility into question and because it would be worth some mitigating weight in determining the reasonableness of the penalty.

¶4        Nevertheless, the Board will only reverse an initial decision on the ground that the administrative judge improperly excluded evidence if the appellant

demonstrates that the error affected the outcome of the case. *See Nichols v. U.S. Postal Service*, 80 M.S.P.R. 229, ¶ 7 (1998); 5 C.F.R. § 1201.115(c). Here, the appellant has failed to show how the error affected the outcome of the case, and we find that it did not. First, even if the security guard's credibility was lacking, the administrative judge relied on the testimony of two additional witnesses, who observed the altercation and lacked bias, to find that the appellant committed the charged misconduct. ID at 6. Second, although the evidence could be worth some mitigating weight in determining the reasonableness of the penalty, we agree with the administrative judge that the fact that the appellant may have been provoked by the security guard's previous behavior would not, even combined with other mitigating factors, outweigh the seriousness of the charges and other aggravating factors such that the appellant's removal could be deemed unreasonable. ID at 10-13. Accordingly, we decline to reverse the initial decision on this basis; however, we modify the initial decision to the extent the administrative judge found the video irrelevant.

¶5      The appellant also argues on review that the agency failed to prove its charges, that he was denied the opportunity to respond to the proposal notice, and that the deciding official failed to sufficiently consider the appropriateness of the penalty before making his decision. PFR File, Tab 1 at 1‑7. We have considered his arguments and find that he has not provided a sufficient basis to disturb the explained findings on these issues set forth in the initial decision.[2] Accordingly, we affirm the initial decision, as modified, and uphold the appellant's removal.

---

[2] The administrative judge found that the appellant did not submit any evidence showing that his removal was discriminatory and thus did not establish an affirmative defense of disparate treatment disability discrimination. ID at 18. Other than to allege that the agency's denial of his request to reschedule his oral reply was "discriminatory based on his medical incapacity," the appellant does not challenge the administrative judge's findings that he failed to prove this affirmative defense. PFR File, Tab 1 at 2. However, we will briefly address such claim in light of recent case law. A claim of discrimination based on an individual's status as disabled requires that the individual be a qualified individual with a disability. *Haas v. Department of Homeland Security*,

# NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

2022 MSPB 36, ¶ 28. Further, to establish a claim of disparate treatment disability discrimination, the appellant has the burden of proving that his disability was at least a motivating factor in his removal. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 31-34. Because we agree that the appellant did not prove this claim, even when considering the appellant's allegations under the correct standard, we do not reach the question of whether the appellant was "qualified," *see Haas*, 2022 MSPB 36, ¶ 29, or whether his disability was a "but-for" cause of the removal action, *see Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.